## DORIAN, Adm'x, *v.* CITY OF SHREVEPORT.[1]

*(Circuit Court, W. D. Louisiana.   May, 1884.)*

JURISDICTION OF UNITED STATES COURT—OBLIGATION OF CONTRACT—REPEAL OF LAW AN IMPAIRMENT, WITHIN THE MEANING OF THE CONSTITUTION.

A petition that alleges the repeal of laws which were constituent and material parts of the obligation of the contract of certain bonds at the time of their issue, presents a case within the jurisdiction of a federal court.

Matter of Jurisdiction.

*Hicks & Hicks*, for plaintiff.

*W. A. Seay*, City Atty., for defendant.

BOARMAN, J.   The plaintiff, administering the succession of James Dorian, sues the city for a sum of money which she claims that the defendant corporation owes said succession, because in A. D. 1870 the city contracted with Robson & Baer to do certain work on the streets; that, the work having been performed and accepted, an obligation arises out of the said contract, binding the city to pay for the work; and that the money, or a part of it, which the city obligated itself to pay Robson & Baer, is in law due plaintiff, because plaintiff holds three certain city bonds for $1,000 each, payable 10 years after date, which were given to the said contractors by the defendant in settling with them for the said work.   All the parties to the suit are citizens of Louisiana; and the plaintiff, having set up the above demand against the defendant, alleges, in order to show jurisdiction in this court, that the obligation of the contract between Robson & Baer and the city has been violated and impaired, contrary to the prohibitions in the constitution of the United States, in this: that at the time the said contract was entered into certain laws, which she recites in the petition, were vital and constituent part of said contract; that these laws, after the rights under the contract had accrued, were repealed, and plaintiff's rights and remedies impaired, denied, and taken away, in violation of said constitution.   It is not deemed important to recite here the laws, the repeal of which, it is alleged, impaired the said obligation.

If the public work was performed as alleged, and the obligation is a subsisting one, this statement of the case, together with the charge as to the jurisdictional facts, shows—if the plaintiff is competent to sue— a suit in which there is involved a constitutional question; but it is not at all clear that this plaintiff, under those allegations of her petition which set forth the demand which she makes in consequence of her being the holder of the particular bonds that were given by the city to Robson & Baer, in settlement for said public work, presents a suit which she is competent in law to maintain.   The allegations in

[1] We are indebted to Talbot Stillman, Esq., of the Monroe, Louisiana, bar, for this opinion.

relation to the fact that the three bonds were given to Robson & Baer for public work on the streets, performed by them under a contract, do not show that Dorian is, or was at any time, subrogated to the rights of Robson & Baer under that contract; nor do they show such an assignment of the obligations arising out of the said contract as will in law vest Dorian with the right to sue for their enforcement against the defendant; for the mere fact that these bonds, which came, as the petitioner alleges, into Dorian's hands by purchase from some one to whom Robson & Baer, or their assigns, had delivered them, were given to Robson & Baer in settling with them for certain public work, is not sufficient to show a legal right in plaintiff to sue on the said contract. Besides, there is nothing to show that Robson & Baer have not long since been paid for their work on the streets. The bonds evidence an indebtedness which the city promises to pay to blank or bearer. There are some recitals on the bonds which pledge certain revenues of the city, irrevocably, for their payment; but, in disposing of this motion, it is not deemed necessary to particularly mention those recitals.

In addition to the statement I have so far made of this suit, the plaintiff alleges, as the holder of these bonds, that they were issued by the defendant corporation, acting within the scope of its lawful powers; that in issuing the said bonds the city entered into a contract to pay the sum and interest stated in them; that the obligation of this contract binds the city to pay the amount to plaintiff as the bearer or holder of the bonds. On this part of the case plaintiff's suit is to recover against the defendant because of the lawful contract these bonds show between the holder thereof and the corporation. The allegations setting forth the cause of action, based on the contract, which the bonds evidence, show an impairment of the obligations of that contract, in the fact that certain laws, which were constituent and material parts of the obligation of the contract when the bonds were issued, were repealed.

I think the petition presents a suit within the jurisdiction of this court, and the motion is overruled.